[Cite as *State v. Bolding*, 2020-Ohio-5114.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                                    Court of Appeals No. H-19-002

      Appellee                                           Trial Court No. CRI 2018-0232

v.

 Stacy M. Bolding                                      **DECISION AND JUDGMENT**

      Appellant                                          Decided:  October 30, 2020

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Melissa A. Angst, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 25, 2018 judgment of the Huron County

Court of Common Pleas, denying appellant's motion to dismiss.  Appellant's motion to

dismiss was prefaced upon claims that the Huron County conviction underlying this

appeal constituted double jeopardy in connection to an Erie County conviction against

appellant. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Stacy Bolding, sets forth the following two assignments of error:

1. The Trial Court erred when it denied [appellant's] Motion to Dismiss pursuant to Double Jeopardy clauses in the [U.S.] Constitution and [] the Ohio Constitution.

2. The Trial Court erred when it denied [appellant's] Motion to Dismiss because Huron County did not have a significant nexus to charge Appellant.

{¶ 3} The following undisputed facts are relevant to this appeal. This case concerns two separate and distinct drug offenses committed by appellant on separate dates, involving separate evidence, and occurring in short succession to one another.

{¶ 4} Huron County prosecuted appellant for drug offenses committed on February 7, 2018, while Erie County prosecuted appellant for drug offenses committed on February 12, 2018.

{¶ 5} The inception of all cases was in Huron County. On February 6, 2018, a known confidential informant ("CI") entered the Norwalk Police Department, located in Huron County, and conveyed that an unlawful drug purchase of methamphetamines could be facilitated the following day from a man living in Milan, located in Erie County. The Milan Police Department was notified of the matter via a courtesy call, but did not participate in the law enforcement operation.

2.

{¶ 6} On February 7, 2018, the CI, working in coordination with the Norwalk Police Department, successfully completed a controlled buy in Milan of approximately five grams of methamphetamine.

{¶ 7} The February 7, 2018 drug transaction was conducted and completed with the CI by appellant, the Milan man's live-in girlfriend. The February 7, 2018 offenses, arising from the Norwalk Police Department CI controlled buy from appellant, were subsequently prosecuted in Huron County.

{¶ 8} Based upon the February 7, 2018 drug transaction at appellant's residence, on February 12, 2018, the Norwalk and Milan Police Departments, in conjunction with the Erie County Sheriff's Department, executed a search warrant at appellant's Milan residence.

{¶ 9} The evidence of drug offenses discovered during the February 12, 2018 search of appellant's Milan residence later served as the basis for separate charges against appellant in Erie County.

{¶ 10} On March 8, 2018, appellant was charged in the Norwalk Municipal Court for the drug offenses arising from the February 7, 2018 controlled buy of methamphetamines from appellant. On March 15, 2018, the charges were bound over to the Huron County Court of Common Pleas for felony prosecution.

{¶ 11} On April 11, 2018, over a month after the Huron County cases were filed, appellant was indicted in the Erie County Court of Common Pleas on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03, a felony of the third degree,

3.

and one count of aggravated possession of drugs, in violation of R.C. 2925.11, a felony of the third degree, stemming from the February 12, 2018 search of appellant's residence.

{¶ 12} On May 22, 2018, nearly three months after the Huron County cases were filed, appellant pled guilty in the Erie County cases to one amended count of attempted aggravated possession of drugs, in violation of R.C. 2925.11 and 2923.02, as reduced to a felony of the fourth degree.

{¶ 13} In exchange, the companion felony offense was dismissed. In addition, appellant agreed to testify against her boyfriend, the co-defendant in the Erie County cases. Appellant was sentenced to three years of community control.

{¶ 14} On May 25, 2018, in follow-up to the March 15, 2018 bind-over of the Norwalk Municipal Court charges, appellant was indicted in the Huron County Court of Common Pleas on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03, a felony of the third degree.

{¶ 15} On September 18, 2018, appellant filed a motion to dismiss the Huron County case underlying this appeal based upon claims of double jeopardy with the Erie County conviction and based upon insufficient nexus claims.

{¶ 16} On October 25, 2018, the trial court denied the motion to dismiss and found the double jeopardy and nexus claims to be without merit, holding in pertinent part, "*The Court finds * * * a sufficient nexus* to permit the subject offense of trafficking methamphetamine to be filed and tried in Huron County. *Further, the offenses charged*

4.

*subsequently by Erie County were separate offenses committed on separate dates than the charge alleged in the present matter.*" (Emphasis added.)

{¶ 17} On November 7, 2018, given the motion to dismiss denial, appellant pled guilty to the subject Huron County drug trafficking offense, in violation of R.C. 2925.03, a felony of the third degree. On January 9, 2019, appellant was sentenced to a 90-day term in the local jail, stayed pending appeal. This appeal ensued.

{¶ 18} In the first assignment of error, appellant maintains that the trial court erred in denying appellant's motion to dismiss. In support, appellant asserts that the motion should have been granted based upon double jeopardy with the Erie County conviction. We do not concur.

{¶ 19} When a motion to dismiss determination is challenged on a double jeopardy basis, appellate review is conducted on a de novo basis. *State v. McFarland*, 6th Dist. Erie No. E-11-048, 2012-Ohio-1991, ¶ 9.

{¶ 20} In principal support of the first assignment, appellant relies upon this court's 2012 decision in *State v. McFarland*, 6th Dist. Erie No. E-11-048, 2012-Ohio-1991. The crux of appellant's position is reflected in appellant's quotation of the portion of *McFarland* stating, "Prosecution in two different counties may be pursued only for separate and distinct acts committed on different dates." *McFarland* at ¶ 10.

{¶ 21} We have carefully reviewed *McFarland* and find that while it sets forth the proper scope of appellate review, it is otherwise materially distinguishable from, and inapplicable to, the instant case.

5.

{¶ 22} Of greatest relevance, when the defendant in *McFarland* initially entered no contest pleas to charges in Lucas County, he had no knowledge or awareness at that time that separate prosecutions in separate venues would subsequently commence, such that double jeopardy considerations became implicated.

{¶ 23} Conversely, in the instant matter, the record clearly reflects that when appellant entered into the Erie County plea agreement, appellant was already aware that separate criminal charges were pending against her in Huron County.

{¶ 24} Appellant had been charged on March 8, 2018, in the Norwalk Municipal Court, and bound over on March 15, 2018, to the Huron County Court of Common Pleas, both events occurring in advance of the May 22, 2018 Erie County negotiated plea agreement, thereby refuting appellant's claimed lack of awareness of additional charges.

{¶ 25} In addition to the sequence of events undercutting appellant's reliance on *McFarland*, the *McFarland* case entailed the unlawful distribution of an electronic child pornography online file. Such unlawful files can be transferred, downloaded, and consumed by the original intended receiver, and then transferred to another end user for subsequent unlawful consumption unbeknownst to the original sender.

{¶ 26} By contrast, the instant case entails separate and distinct quantities of methamphetamines recovered on separate dates. Such batches of unlawful drugs are not capable of being consumed by an original user, and then passed on to another user for subsequent unlawful consumption, so as to entail a double jeopardy risk analogous to the *McFarland* scenario.

6.

{¶ 27} Lastly, *McFarland* entailed an integrated, joint law enforcement online child pornography sting operation conducted on a collaborative basis amongst multiple law enforcement agencies.

{¶ 28} By contrast, the February 7, 2018 police operation underlying the Huron County conviction in the instant matter was conducted on a unilateral basis by the Norwalk Police Department.  It was not conducted on a joint basis with multiple agencies, such as occurred in *McFarland*.

{¶ 29} Accordingly, we find that *McFarland* has multiple material distinctions with the present case and does not direct the outcome.

{¶ 30} Further, as set forth in R.C. 2941.25(B), "Where the defendant's conduct * * * results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each * * * the defendant may be convicted of all of them." As set forth in detail above, such a scenario is what transpired in this case.

{¶ 31} Based upon our independent review of appellant's double jeopardy claims, we find them to be without merit.  Accordingly, we find appellant's first assignment of error not well-taken.

{¶ 32} In the second assignment of error, appellant similarly maintains that the trial court's denial of the motion to dismiss was improper based upon an allegedly insufficient nexus between the February 7, 2018 offense and Huron County.  We do not concur.

7.

{¶ 33} R.C. 2901.12(H) establishes that when, "[A]s a course of criminal conduct, [a defendant] commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred."

{¶ 34} As applied to the instant case, the record reflects that the genesis of the February 7, 2018 controlled buy of methamphetamines event was a known CI going into the Norwalk Police Department in Huron County, Ohio, notifying Norwalk officers of methamphetamine dealing occurring at appellant's residence, and working with Norwalk officers in Huron County to contact, arrange, and facilitate the controlled buy from appellant.

{¶ 35} The record shows that a considerable nexus existed with Huron County such that Huron County was a proper venue pursuant to R.C. 2901.12(H).

{¶ 36} Accordingly, we find appellant's second assignment of error not well-taken.

{¶ 37} On consideration whereof, the judgment of the Huron County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                              _____
                                                                       JUDGE

Thomas J. Osowik, J.

                                                     _____
Christine E. Mayle, J.                                                JUDGE
CONCUR.

                                                     _____
                                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.